### Nationwide Mutual Insurance Co.
### v.
### Walden
[Cite as 4 AOA 530]

Case No. CA89-10-143
Butler County, (12th)
Decided June 11, 1990

*Crabbe, Brown, Jones, Potts & Schmidt, William T. McCracken, 2500 One Nationwide Plaza, Columbus, Ohio 43215, and Crabbe, Brown, Jones, Potts & Schmidt, Brian E. Hurley, 30 Garfield Place, Suite 620, Cincinnati, Ohio 45202, for Plaintiff/Appellant/Cross-Appellee.*

*Baden, Jones & Scheper Co., L.P.A., David H. Landis, 300 Hamilton Center Bldg., 222 High Street, Hamilton, Ohio 45011, for Defendants/Appellees/Cross-Appellants.*

*Per Curiam.*

This cause came on to be heard upon an appeal and cross-appeal, transcript of the docket, journal entries and original papers from the Butler County Court of Common Pleas, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

On September 29, 1988, Judith Steimel was a passenger in an automobile owned by her and operated by her minor son, Chad Steimel. The Steimel automobile was involved in an accident with another vehicle resulting in the death of Judith Steimel. Both Judith and Chad were insured under the same automobile liability policy written by plaintiff-appellant, Nationwide Mutual Insurance Company ("Nationwide"). The policy provided liability coverage of $100,000 per person and $300,000 per accident. The policy also provided for uninsured and underinsured motorist coverage in the same amounts. ·

Pursuant to the liability coverage, Nationwide paid the policy limit of $100,000 to Judith's estate. Defendant-appellee, Diana Walden, the administratrix of Judith's estate, executed a covenant not to sue except for "potential underinsured motorist claims which the Estate or heirs may have against Nationwide." The policy proceeds were paid in three equal amounts to Judith's three children: Diane Steimel, Chad Steimel, and Telly Steimel.

Telly Steimel subsequently filed a wrongful death claim pursuant to the underinsured motorist coverage provisions of Nationwide's policy, seeking to recover the full $100,000 policy limit. In response, Nationwide filed a complaint for declaratory judgment. The complaint requested a determination that Telly was not entitled to

recover under the underinsured motorist coverage. In the alternative, Nationwide sought a declaration that if any underinsured coverage was available through its policy, Nationwide was entitled to setoff any coverage by those amounts Telly received from Nationwide or other liable parties.

Appellees timely answered the complaint. Both sides then moved for summary judgment. In an opinion and judgment entry dated September 6, 1989, the trial court granted summary judgment to Telly while denying the same to Nationwide. The court held that Telly had a valid claim for underinsured motorist coverage under the policy Nationwide issued to Judith. The court also held that Nationwide was obligated to pay Telly the policy limits of $100,000, subject to a setoff not to exceed $33,333 representing those amounts Nationwide previously paid to Telly.

Nationwide appealed in a timely fashion and submits one assignment of error which claims that:

"The trial court erred by granting defendant-appellee's motion for summary judgment and denying plaintiff-appellant's motion for summary judgment."

Telly Steimel filed a cross-appeal and raises an "issue" which we will treat as an assignment of error. This assignment claims that the trial court erred by permitting Nationwide a setoff equal to the $33,333 Telly Steimel actually received.

The principal issue to be decided in this appeal is whether the trial court correctly held that underinsured motorist coverage was available to a deceased insured's estate and next of kin on a wrongful death claim where the insured's policy limits are the same as those of the tortfeasor. The lower court, relying on *Wood* v. *Shepard* (1988), 38 Ohio St. 3d 86, ruled that Telly Steimel was an insured for purposes of underinsured motorist coverage and was entitled to the $100,000 policy limit, subject to a setoff of the actual amount already recovered from Nationwide. On the basis of the Ohio Supreme Court's recent decision in *Hill* v. *Allstate Ins. Co.* (1990), 50 Ohio St. 3d 243, we sustain Nationwide's assignment of error and reverse the summary judgment granted in favor of Telly Steimel.

In the syllabus in *Wood, supra*, the supreme court held that each person who is entitled to recover damages under a wrongful death action, and who is an insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision. The decedent in *Wood* died in an automobile accident. Her spouse and two children, who were also injured in the accident, received full settlement of $100,000 from the tortfeasor who had liability insurance coverage with limits of $50,000 per person and $100,000 per accident. The decedent's policy had underinsured motorist coverage of $100,000 per person and $300,000 per accident. The plaintiffs -- the decedent's spouse and two children -- claimed they were entitled to assert separate claims against their own insurance company for underinsured protection since each was a wrongful death beneficiary under R.C. Chapter 2125. The supreme court determined that each of the plaintiffs had a separate wrongful death claim and that each claim had a maximum coverage of $100,000 up to a total limitation of $300,000. The court concluded that "* * * to limit coverage to a single person limit of liability [$100,000] without any statutory authority to do so must be seen as clearly frustrating the purposes of R.C. 3937.18 [the underinsured motorist statute]." *Id.* at 91.

In *Hill, supra*, the decedent and another individual were fatally injured while passengers in the tortfeasor's automobile. The tortfeasor had an automobile liability insurance policy with maximum limits of $50,000 for one person injured in any one accident and $100,000 per occurrence. The tortfeasor's insurer settled with the estates of both the decedent and other passenger in amounts of $50,000 each. At the time of the accident, the decedent was insured under a policy issued by Allstate which contained uninsured/underinsured motorist coverage limits of $50,000 per person and $100,000 per accident. The decedent's survivors -- his daughter, son and father -- filed a claim with Allstate, premised on the decedent's wrongful death, in order to participate in the decedent's underinsured motorist coverage. Both the trial court and the Lorain County Court of Appeals held that underinsured coverage was not available because the limits of the tortfeasor's policy were identical to the limits contained in the decedent's policy with Allstate.

Writing for the supreme court, Justice Holmes distinguished the *Wood* decision and held that unless otherwise provided by an insurance company, underinsured motorist liability coverage is not available to an insured where the liability limits contained in the insured's policy are identical to the limits set forth in the

tortfeasor's liability insurance coverage. Since the tortfeasor's liability insurance coverage in *Hill, supra,* was identical to the plaintiffs' policy, the plaintiffs received the same amount from the tortfeasor's insurer as they would have received under the underinsured motorist coverage of their own policy. R.C. 3937.18 requires "* * * an insurer to provide coverage to its insured when the tortfeasor's coverage is *less* than the limits of the insured's uninsured motorist coverage at the time of the accident." *Id.* at 244. Such is predicated upon a public policy consideration of assuring that those persons injured by an underinsured motorist would receive at least the same amount of total compensation as they would have received had they been injured by an uninsured motorist. *James v. Michigan Mut. Ins. Co.* (1985), 18 Ohio St. 3d 386, 389.

In the case at bar, the insurance coverage of the tortfeasor (Chad Steimel) was identical to that available to the insured (Telly Steimel). In addition, the policy defined underinsured motor vehicles as those "for which there are bodily injury liability in effect," the total amount of which was less than the limits of this coverage * * * shown in your policy's declarations." Accordingly, Telly Steimel received the same amount of compensation from the tortfeasor as he would have received had his mother been injured by an uninsured motorist. For these reasons, we conclude that Telly Steimel is not entitled to the underinsured motorist coverage of the Nationwide policy. Accordingly, the trial court erred in granting summary judgment to appellees. Nationwide's assignment of error is well-taken and hereby sustained. For the same reasons, the assignment of error presented in the cross-appeal is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and*
*cause remanded.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.