**WHITEAKER et al., Appellants,**

v.

**NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.**

[Cite as *Whiteaker v. Nationwide Prop. & Cas. Ins. Co.* (1992), 83 Ohio App.3d 238.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63630.

Decided Dec. 21, 1992.

*Sindell, Lowe & Guidubaldi* and *Steven A. Sindell,* for appellants.

*Stephen P. Kolozvary,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Appellants' assignment of error has merit.

Plaintiffs-appellants, Wayne F. Whiteaker, individually and as administrator of the Estate of Wesley R. Whiteaker, deceased, Adelle Whiteaker, and Sharon Whiteaker, timely appeal from the decision of the common pleas court which granted the motion for summary judgment of defendant-appellee, Nationwide Property and Casualty Insurance Company. The facts of the present case are not in dispute. Wayne and Adelle Whiteaker are the parents of the deceased, Wesley Whiteaker. Sharon is the deceased's minor child. Wesley Whiteaker was killed when his car was struck by a vehicle operated by Cynthia Fulford. Fulford's insurer paid appellants $50,000, representing the single person limit contained in Fulford's automobile liability insurance policy. Appellants then presented an underinsured motorist claim to appellee. Appellee offered the remaining $50,000 of decedent's single person policy limit of $100,000 as settlement. Appellants rejected said offer and filed the instant declaratory relief action seeking a judicial declaration that each appellant has a right to recover against appellee pursuant to the underinsured motorist coverage up to $100,000.

The automobile insurance policy in question provides $100,000 per person and $300,000 per occurrence uninsured motorist coverage. The relevant definitions contained within the policy are as follows:

"1. The words 'YOU' and 'YOUR' mean or refer to the policyholder first named in the attached Declarations, and include that policyholder's spouse if living in the same household.

" * * *

"3. The words 'THE INSURED,' 'AN INSURED,' and 'ANY INSURED' mean or refer to the persons and organizations specifically indicated as entitled to protection under the coverage being described."

An amendatory endorsement describes the uninsured motorist coverage as follows:

"**COVERAGE.** We will pay bodily injury (meaning bodily injury, sickness, disease, or death) damages that are due you by law from the owner or driver of an uninsured motor vehicle. Damages must result from an accident arising out of the:

"1. ownership;

"2. maintenance; or

"3. use;

"of the uninsured motor vehicle. We will also pay these damages to relatives.

" * * *

"*This coverage also protects others for damages due them by law because of bodily injury to an insured.*" (Emphasis added.)

Finally, the insurance policy and the amendatory endorsement when read together provide:

"**AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES.** Our obligation to pay uninsured motorists losses is limited to the amounts per person and per occurrence stated in the attached Declarations. The following conditions apply to these limits:

"1. Bodily injury limits shown for any one person are for all legal damages, including care or loss of services, claimed by anyone for bodily injury to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including care or loss of services, due to bodily injury to two or more persons in any one occurrence."

Appellants contend the following syllabus law from *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, is controlling:

"Each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, and who is an insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be

made subject to the single person limit of liability in the underinsured motorist provision. (R.C. 2125.02 and 3937.18[A][2], construed and applied.)"

Appellee, initially, counters by arguing that appellants are not "insureds" pursuant to the relevant provisions in the insurance policy. We conclude appellants are "insureds."

■ The definition section of the instant insurance policy defines "insureds" as "persons * * * specifically indicated as entitled to protection under the coverage being described." The uninsured motorist coverage states that "[t]his coverage also protects *others* for damages due them *by law* because of bodily injury to an *insured*." (Emphasis added.) Moreover, pursuant to R.C. 2125.01 and 2125.02, appellants are entitled to damages for bodily injury to the decedent. Therefore, appellants are "insureds" for purposes of the relevant uninsured motorist coverage.

■ Because appellants are "insureds," we conclude the syllabus law of *Wood, supra*, controls. Appellee's reliance on *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459, is misplaced for a number of reasons. First, the factual situation in *Rose* is distinguishable from the present case. *Rose* involved the interpretation of a liability insurance policy and not an uninsured motorist policy. In that light, we note the statutory requirements for uninsured motorist protection pursuant to R.C. 3837.18(A)(2) prevail. Moreover, the facts of *Wood* are virtually indistinguishable from the present case. We also note the continued vitality of *Wood* as evidenced by the recent Ohio Supreme Court decision in *Derr v. Westfield Cos.* (1992), 63 Ohio St.3d 537, 539, 589 N.E.2d 1278, 1280. Finally, we believe the Ohio Supreme Court's action in overruling a jurisdictional motion, in *Kibler v. Utica* (Sept. 13, 1991), Richland App. No. CA–2833, unreported, 1991 WL 200289, motion to certify overruled (1992), 62 Ohio St.3d 1509, 583 N.E.2d 1320, supports our conclusion that *Wood, supra*, is still controlling under the facts presented in the instant case.

Accordingly, we conclude appellants' sole assignment of error has merit. Appellants are entitled to the $300,000 per occurrence limit, minus a set-off of $50,000, as provided in the instant uninsured motorist coverage.

The judgment of the trial court is reversed and final judgment is entered in appellants' favor.

*Judgment reversed.*

MATIA, C.J., DYKE and FRANCIS E. SWEENEY, JJ., concur.