On September 3, 1912, Article I, Section 19a became a part of the Ohio Constitution. Section 19a states:
 The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law.
Notwithstanding this provision of the Ohio Constitution, the Ohio Legislature passed and the Governor of Ohio signed into law R.C. 3937.44. R.C. 3937.44 reads:
 Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
R.C. 3937.44 was enacted following the decision of the Supreme Court of Ohio in Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500. The first paragraph of the syllabus of theSavoie decision reads:
 Each person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one "each person" policy limit are unenforceable. (State Farm Auto. Ins. Co. v. Rose [1991], 61 Ohio St.3d 528, 575 N.E.2d 459, and paragraphs one and two of the syllabus of Burris v. Grange Mut. Cos. [1989], 46 Ohio St.3d 84, 545 N.E.2d 83, overruled; Wood v. Shepard [1988], 38 Ohio St.3d 86, 526 N.E.2d 1089, applied and followed.)
In deciding the Savoie case, the majority of the Supreme Court of Ohio viewed itself as following its earlier case ofWood v. Shepard (1988), 38 Ohio St.3d 86. The syllabus forShepard reads:
 Each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, and who is an insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision. (R.C. 2125.02 and 3937.18[A][2], construed and applied.)
The Savoie case and Shepard case both show respect for both the words of and the policy behind Article I, Section 19a of the Ohio Constitution. Government has no business trying to limit what a person can receive in damages for the loss of a loved one. I believe the Legislature has not honored either the words of or the policy behind Article I, Section 19a of the Ohio Constitution in enacting R.C. 3937.44. In short, I believe that R.C. 3937.44 is unconstitutional.
The fact that the Legislature has failed to honor the policy behind R.C. 3937.44 is apparent. Instead, the Legislature has attempted to limit the amount a person who has lost a loved one may recover from the insurance company which insured the individual responsible for the loved one's death. The Legislature has done so by allowing the fiction that the death of a person is really an injury to only one person. John Donne's poetic statement in the words of his time that "No man is an island" was ignored by the Legislature. It should not be ignored by the courts as a matter of public policy.
Article I, Section 19a of the Ohio Constitution states that "the amount of damages recoverable by civil action * * * shall not be limited by law." Section 19a does not use the word "awarded," but the word "recoverable." The Legislature, by enacting R.C. 3937.44, has clearly attempted to limit the money which a harmed next-of-kin can actually recover in circumstances, such as here, where the person who caused the death has few if any assets to financially compensate the next-of-kin. In doing so, I believe the Legislature has enacted an unconstitutional statute.
I realize that some other appellate courts have reached a different result in viewing this statute. I, therefore, hope that the Supreme Court of Ohio will provide us clear guidance on this important area of law.
I respectfully dissent from the majority opinion.