Plaintiff-appellant, Barbara L. Stewart, personally and as the administrator of the estate of her deceased husband, Terry Lee Stewart, appeals from the Franklin County Court of Common Pleas' partial grant of summary judgment in favor of defendant-appellee, State Automobile Mutual Insurance Company ("State Auto"). State Auto cross-appeals from the trial court's grant of partial summary judgment in plaintiff's favor.
These appeals arise out of an automobile accident which occurred on August 19, 1995, and which resulted in the death of Terry Lee Stewart ("decedent"). The accident was caused by the negligence of defendant-appellee, David L. Griffith.
Following the accident, Griffith's automobile insurer offered plaintiff $50,000. The parties have stipulated that $50,000 is the limit of Griffith's automobile liability coverage. Thereafter, plaintiff made an underinsured motorist claim against decedent's insurance. At the time of the accident, decedent was covered by two insurance policies issued by State Auto: an automobile policy which provided uninsured/underinsured motorist coverage with limits of $100,000 per person and $300,000 per accident, and a homeowner's policy which provided liability coverage with a limit of $300,000 per occurrence. State Auto offered to pay plaintiff a total of $50,000, arguing that $50,000 is the extent of its liability under both insurance policies. According to State Auto, it is liable under the automobile policy up to the policy's $100,000 per person limit, less the $50,000 to be paid by the tortfeasor's insurer; but it has no liability under the homeowner's policy, as that policy did not provide uninsured/underinsured motorist coverage.
On August 15, 1997, plaintiff filed an action against State Auto in the Franklin County Court of Common Pleas seeking underinsured motorist coverage under both the automobile policy and the homeowner's policy. Specifically, under the automobile policy plaintiff sought to recover up to the $100,000 per person limit for each of decedent's next of kin who was insured under the policy, less only each individual next of kin's proportional share of the proceeds received on behalf of the tortfeasor. With respect to the homeowner's policy, plaintiff sought a declaration that the policy provided up to $300,000 of uninsured/underinsured motorist coverage by operation of law.
Subsequently, each party filed two motions for summary judgment: one pertaining to the coverage afforded by the automobile policy, and one pertaining to the coverage afforded by the homeowner's policy. On November 25, 1998, the trial court issued a decision granting plaintiff's motion for summary judgment and denying State Auto's motion for summary judgment with respect to whether the homeowner's policy provided uninsured/underinsured motorist coverage by operation of law, and granting State Auto's motion for summary judgment and denying plaintiff's motion for summary judgment with respect to the extent of the underinsured motorist coverage afforded by the automobile policy. On December 10, 1998, the trial court filed an entry journalizing its decision. Plaintiff and State Auto have both appealed from the trial court's decision and entry assigning the following errors:
 [Plaintiff] THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND HOLDING THAT DEFENDANT WAS ENTITLED TO A SET-OFF FROM ITS UNDERINSURED MOTORIST POLICY LIMIT OF THE TORTFEASOR'S POLICY LIMIT WITHOUT REGARD TO THE AMOUNTS ACTUALLY "AVAILABLE FOR PAYMENT" TO THE INDIVIDUAL INSUREDS.
 [State Auto] The Trial Court erred in granting Plaintiff's first Motion for Summary Judgment, and denying Defendant's First Motion for Summary Judgment.
Preliminarily, as this matter arises out of the trial court's grants of summary judgment, pursuant to Civ.R. 56, we review the trial court's determinations independently and without deference to the trial court. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107.
In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the non-moving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
The resolution of these appeals turns on the meaning of the two insurance policies at issue and on the statutory law governing those policies. Because insurance policies are written contracts, their meaning must be determined in accordance with the same rules as other written contracts. Gomolka v. State Auto. Mutl. Ins. Co. (1982), 70 Ohio St.2d 166, 167. Thus, in reviewing an insurance policy, the words and phrases used therein must be given their plain and ordinary meaning where possible. Id. To the extent that the language of an insurance policy is clear and unambiguous, it is unnecessary and impermissible for a court to resort to construction of that language. Id. However, where the language in an insurance policy is ambiguous and susceptible of more than one meaning, it will be liberally construed in favor of the insured and strictly against the insurer who drafted the policy. Faruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34, syllabus.
With respect to the law governing the automobile and homeowner's insurance policies, it is well-established that the law in effect at the time the parties enter into an insurance contract governs the contract. Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. Here, both the automobile policy and the homeowner's policy were effective on May 20, 1995. Accordingly, R.C. 3937.18, as amended by Am.Sub.S.B. No. 20 effective October 20, 1994, governs both policies.
Plaintiff has appealed from the trial court's grant of summary judgment for State Auto on the issue of the scope of the underinsured motorist coverage provided by the automobile insurance policy. In her assignment of error, plaintiff contends that the trial court erred in holding that the terms of the automobile policy limited all of decedent's next of kin who were insureds under the policy to a single claim against the policy's $100,000 per person limit of liability, less a set-off of $50,000 for the money to be paid by the tortfeasor's insurer.
Plaintiff argues that the trial court should have held that each of decedent's next of kin who was insured under the automobile policy has a separate claim against the policy's $100,000 per person limit of liability, and that the separate claims are subject to set-off only in the amount of the respective claimant's proportional share of the proceeds received from the tortfeasor's insurer. In support of her position, plaintiff relies upon the Ohio Supreme Court's decision in Derr v. Westfield Cos. (1992), 63 Ohio St.3d 537.
In Derr, the Supreme Court held that decedent's underinsured motorist provider was entitled to set-off money recieved on behalf of the tortfeasor against the individual claims of the next of kin only to the extent of each individual next of kin's proportional share of those proceeds. Id. at 542. The holding in Derr presupposes that each next of kin insured under a decedent's uninsured/underinsured motorist policy has a separate claim against the per person liability limit of the policy. The Derr court recognized this presupposition when it noted that its determination "hinges" on its prior decision in Wood v. Shepard (1988), 38 Ohio St.3d 86. Derr, at 539.
In Wood, the Supreme Court held that each next of kin who has a right to recover damages for wrongful death, pursuant to R.C.2125.02, and who is an insured under an uninsured/underinsured motorist provision in an insurance policy, has a separate claim against the policy's per person limit of liability. Id. at 87-90. The court then went on to declare unenforceable provisions in insurance policies which purport to subject the wrongful death claims of multiple insureds to a single per person limit of liability. Id. at 90-91.
Subsequently, in Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, paragraphs one and four of the syllabus, the Supreme Court reaffirmed its holdings in Wood, and applied them to wrongful death claims brought against the tortfeasor's insurer.
In response to the Savoie decision, the General Assembly passed Am.Sub.S.B. No. 20, which amended R.C. 3937.18 to include the following provision:
 (H) Any automobile liability or motor vehicle liability policy of insurance that includes [uninsured/underinsured motorist] coverages * * * and that provides a limit of coverage for payment of damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by any one person, and, for the purposes of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident. [Emphasis added.]
Am.Sub.S.B. No. 20 further provides:
 Section 10. It is the intent of the General Assembly in enacting division (H) of section 3937.18 of the Revised Code to supercede the effect of the holding of the Ohio Supreme Court in its October 1, 1993 decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, that declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person, and to declare such policy provisions enforceable.
By their express terms, R.C. 3937.18(H) and Section 10 of Am.Sub.S.B. No. 20 make enforceable language in an uninsured/underinsured motorist policy which purports to consolidate all claims for damages arising out of the death of one person into a single claim subject to the policy's per person limit of liability, notwithstanding the multiple wrongful death claims created by R.C. Chapter 2125. Scancarello v. Erie Ins. Co. (July 25, 1996), Franklin App. No 96APE02-166, unreported (1996 Opinions 3092).
Plaintiff argues, however, that, because Am.Sub.S.B. No. 20 does not expressly state that it supercedes the Supreme Court's decision in Derr, Derr continues to be good law, entitling her to bring a separate claim against the automobile policy's per person limit of liability for each next of kin insured under the policy.
While plaintiff is correct that Derr is not expressly superceded by Am.Sub.S.B. No. 20, the holding in Derr is completely discredited by Am.Sub.S.B. No. 20. By expressly superceding Savoie, Am.Sub.S.B. No. 20 discredited Wood, which provided the foundation for both Savoie and Derr. Further, by its terms, Am.Sub.S.B. No. 20 overruled the premise upon which the Derr set-off rationale "hinges": that irrespective of unambiguous language in an insurance policy to the contrary, each person who is legally entitled to recover damages for wrongful death under R.C. 2125.02 has a separate claim against the per person limit of liability of the decedent's uninsured/underinsured motorist coverage.
Where an insurer takes advantage of Am.Sub.S.B. No. 20's addition of R.C. 3937.18(H) by including language in its policy which unambiguously indicates that all claims for damages arising out of the bodily injury or death of one person are collectively subject to the policy's per person limit of liability, the set-off issue addressed in Derr no longer exists.
In the present case, decedent's automobile policy contains the following provisions relevant to the issue of whether decedent's next of kin's claims for damages are collectively or individually subject to the policy's per person limit of liability for uninsured/underinsured motorist coverage:
DEFINITIONS
* * *
 D. "Bodily injury" means bodily harm, sickness or disease including death that results.
* * *
PART C — UNINSURED MOTORISTS COVERAGE
* * *
LIMIT OF LIABILITY
* * *
 The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. When "bodily injury" to any one person gives rise to two or more separate and distinct causes of action, the limit of liability stated with respect to each person shall be inclusive of all such causes of action.
 This is the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.
* * *
 With respect to [underinsured motor vehicle coverage], the limit of liability shall be reduced by all sums paid because of "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A [liability coverage] of this policy. [Emphasis added.]
The Limit of Liability provisions quoted above were part of a March 1995 endorsement to decedent's automobile policy. The last sentence of the first paragraph of the liability limitations was plainly intended to take advantage of the changes brought about by the addition of R.C. 3937.18(H). Plaintiff, however, contends that these provisions are ambiguous. We disagree.
Initially, we note that plaintiff did not raise the alleged ambiguity of the automobile policy in the trial court. As a result, plaintiff has waived the argument for purposes of appeal. McGovern Builders, Inc. v. Davis (1983), 12 Ohio App.3d 153, 156.
Further, plaintiff has not pointed to any specific ambiguity in the above provisions, nor has she offered any explanation of how any of the provisions are susceptible of more than one meaning. The provisions plainly indicate that, where multiple claims arise out of the death of one person, all of the claims will be collectively subject to the applicable per person limit of liability, and that the single per person limit of liability will be set-off by any money paid by the tortfeasor or the tortfeasor's insurer.
Plaintiff's assignment of error is overruled.
We now turn to State Auto's appeal. For the reasons set forth in this court's decision in State Auto. Mut. Ins. Co. v. Lopez (Sept. 30, 1999), Franklin App. No. 99AP-15, unreported (1999 Opinions 3972), State Auto's assignment of error seeking to overturn the trial court's determination that $300,000 of uninsured/underinsured motorist coverage is available under decedent's homeowner's policy by operation of law is overruled.
Having overruled plaintiff's lone assignment of error and State Auto's lone assignment of error, we affirm the judgment of the trail court.
Judgment affirmed.
TYACK and PETREE, JJ., concur.