LEHMKUHL, ADMR., APPELLANT, *v.* OWNERS INSURANCE COMPANY, APPELLEE.

[Cite as *Lehmkuhl v. Owners Ins. Co.* (1993), 68 Ohio St.3d 93.]

(No. 93–577—Submitted November 10, 1993—Decided December 29, 1993.)

*Peeler, McGary & Zopff, Robert W. Peeler* and *Carolyn A. Potter,* for appellant.

*Freund, Freeze & Arnold* and *Gordon D. Arnold;* and *Thomas B. Bruns,* for appellee.

Pursuant to *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the judgment of the Court of Appeals for Clermont County is reversed.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

MOYER, C.J., concurring separately. I concur separately in the judgment entry in the above-styled case. As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

WRIGHT, J., dissenting. I must dissent in continuing protest to the majority's sundry holdings in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. As stated in the dissent in *Savoie*, that holding lacks sound reasoning, reverses ten years of established case law and flouts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.