21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Albert HAMILTON, Administrator of the Estate of Keith
Hamilton, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE, Defendant-Appellee.
 No. 93-3229.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1994.
 
 Before: MARTIN, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Hamilton appeals from the district court's summary judgment in favor of Allstate Insurance Company (Allstate). For the reason stated below, we VACATE the judgment and REMAND for further proceedings.
 
 
 2
 Plaintiff's decedent, Keith Hamilton, was killed in an automobile accident in 1990. The driver of the car in which Keith was killed was legally responsible for the accident. After exhausting the tortfeasor's liability policy limits, the surviving members of the Hamilton family, Albert and Christine Hamilton and their sons Barry and Brad, sought coverage under their underinsured motorist coverage on the ground that their damages for Keith's wrongful death exceeded the amount collected from the tortfeasor's insurance.
 
 
 3
 The district court granted summary judgment in favor of Allstate based upon the Ohio Supreme Court's holding in Hill v. Allstate Insurance Co., 553 N.E.2d 658 (1990). In so holding, the district court rejected Plaintiff's argument based on Wood v. Shepard, 526 N.E.2d 1089 (1988), on the ground that the holding in Wood had been substantially limited by subsequent Ohio Supreme Court decisions.
 
 
 4
 While this appeal was pending, however, the Ohio Supreme Court overruled Hill in a case factually indistinguishable from the present one. See Savoie v. Grange Mutual Insurance Co., 620 N.E.2d 809 (Ohio 1993). Savoie, in overruling Hill, held that Wood should be given full effect. Accordingly, we VACATE the summary judgment in favor of Allstate and REMAND this case to the district court in light of Savoie[1] and Wood.
 
 
 
 [1]
 Allstate argues that "retroactive" application of the Savoie decision would be both "unconstitutional and inequitable." Although we do not address this issue, we note that the Savoie court did not hesitate to apply its holding to the parties before it and that the Ohio Supreme Court has reversed numerous lower court decisions, entered prior to Savoie, and remanded those cases for application of the Savoie decision. See, e.g., Borsick v. State Farm Mut. Auto. Ins. Co., 623 N.E.2d 1175 (1993); Lehmkuhl v. Owners Ins. Co., 623 N.E.2d 1184 (1993); Miller v. Fling, 623 N.E.2d 1186 (1993); Nationwide Ins. Co. v. Corliss, 623 N.E.2d 1187 (1993); Peace v. Prudential Prop. and Cas. Ins. Co., 623 N.E.2d 1194 (1993)