[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 410.]

HILLYER ET AL., APPELLANTS, *v.* GREAT AMERICAN INSURANCE COMPANY,
APPELLEE.

[Cite as *Hillyer v. Great Am. Ins. Co.*, 1999-Ohio-279.]

*Motor vehicles—Insurance—Scope of coverage of an underinsured motorist
claim—Court of appeals' judgment reversed on authority of Ross v.
Farmers Ins. Group of Cos.*

(No. 97-2200—Submitted March 10, 1999—Decided May 12, 1999.)

APPEAL from the Court of Appeals for Lake County, No. 96-L-148.

_____

*Friedman, Domiano & Smith Co., L.P.A., Jeffrey H. Friedman* and *Stephen
S. Vanek*, for appellants.

*Ulmer & Berne L.L.P., Murray K. Lenson* and *Jay W. Pearlman*, for
appellee.

*Elk & Elk Co., L.P.A.,* and *Todd O. Rosenberg*, urging application of *Ross
v. Farmers Ins. Group of Cos.* for *amicus curiae*, Ohio Academy of Trial Lawyers.

_____

{¶ 1} The judgment of the court of appeals is reversed on the authority of
*Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., dissents.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent from the majority's application of *Ross v.
Farmers Ins. Group of Cos.* to the liability insurance policy at issue. Breaking away
from this court's traditional application of tort principles in a personal injury case,

the majority now recognizes the application of contract law to claims made against an automobile liability insurance policy. The majority's decision establishes that, for the purpose of determining the scope of coverage of a liability insurance policy, the statutory law in effect at the time an insurance contract is entered into controls the rights and duties of an injured party who is not privy to the insurance contract, but who has a claim against the policy through a cause of action against the insured tortfeasor. The law in effect when a person is injured no longer controls.

{¶ 3} Appellants' claims are premised upon the negligence of Great American's insured. They are based in tort, not contract. Therefore, I believe that the reasoning in *Ross*, based upon on the contractual nature of the parties to the insurance contract, is misapplied here.

{¶ 4} On November 6, 1994, Christina Hillyer was killed in an accident while a passenger in an automobile owned by John Snyder and operated by his daughter. John and Joan Snyder had a liability policy issued by appellee, Great American Insurance Company, with bodily injury limits of $100,000 per person and $300,000 per accident. Great American paid the Estate of Christina Hillyer the $100,000 per person limit. Appellants, Martin Hillyer, individually and as administrator of Christina's estate ("Hillyers"), however, contend that Great American is liable for the full per accident limit of $300,000. The Hillyers claim that *Savoie v. Grange Mut. Ins. Co.* should apply to this case, despite the fact that Am.Sub.S.B. No. 20 ("S.B. 20"), legislation that superseded the *Savoie* decision, became effective approximately seventeen days *before* this accident.

{¶ 5} The court of appeals affirmed the trial court's award of summary judgment in favor of Great American, relying on R.C. 3937.44, as amended by S.B. 20. R.C. 3937.44 permits a liability insurance policy to limit all claims resulting from or arising out of one person's bodily injury or death to the single limits of the insurance policy, regardless of the number of insureds or claims made.

2

**{¶ 6}** Historically, this court has distinguished between uninsured/underinsured motorist coverage, which sounds in contract, and liability coverage, which sounds in tort. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 341, 695 N.E.2d 1140, 1141; *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 632, 635 N.E.2d 323, 327; *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 510, 620 N.E.2d 809, 816 (Douglas, J., concurring) ("We should recognize * * * that cases where there is a tortfeasor liability policy are different from those where there is no liability policy."). A cause of action for personal injury accrues *when the accident occurs*. For purposes of making a claim for damages, the statute of limitations begins to run on the date of the accident. R.C. 2305.10. Until today, an injured person had the certainty of knowing that the applicable law in existence at the time of the accident established the rights and parameters of his or her claim or claims. Now, the applicable law becomes an unknown factor until such time as the tortfeasor's insurance policy is produced. And, in instances where there are multiple tortfeasors, a plaintiff has the unique situation of perhaps having various laws apply, each based on the different contract date. I believe today's decision not only ignores precedent, but also will create an atmosphere of chaos and uncertainty for all injured plaintiffs.

**{¶ 7}** As today's decision is applied to the Hillyers, their right to recovery is expanded. However, the opposite may result as laws that favor plaintiffs' rights evolve and new laws are enacted. Today's contract-based rule may result in restricting an injured party's rights and remedies. Instead of enjoying the benefit of current law in effect when an accident occurs, the injured person will perhaps have his or her claims adjudicated by outdated laws that are less beneficial.

**{¶ 8}** In addition, I agree with the court of appeals that the Hillyers failed to raise before the trial court the argument that *Savoie* had been incorporated into the Great American policy because the policy had not been renewed subsequent to the enactment of the law. Therefore, the issue was waived. Notwithstanding, I would

find that S.B. 20 applies to the Hillyers' claims because the Snyders' Great American policy was renewed subsequent to the statute's effective date of October 20, 1994. The declaration page of the Great American policy indicates that the policy period was October 21, 1994 to April 21, 1995. The Hillyers argue that R.C. 3937.31 mandates that insurance polices in Ohio must be issued for a two-year guaranteed period and that the Snyders' policy was originally issued in October 1993, so it could not have been a renewal. The Hillyers claim that the policy dates on the declaration page merely reflect the premium period.

{¶ 9} In *Benson v. Rosler* (1985), 19 Ohio St.3d 41, 44, 19 OBR 35, 37, 482 N.E.2d 599, 602, this court stated that "[s]tatutes pertaining to a policy of insurance and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." Again, in *Ross v. Farmers Ins. Group*, we recognized incorporation of a new law, *i.e*., S.B. 20, into the renewal of an existing policy if the renewal represented a new contract of insurance. *Ross*, 82 Ohio St.3d at 289, 695 N.E.2d at 737. Because the Snyders' policy covered a particular six-month period of time (October 21, 1994 to April 21, 1995), had to be renewed at six-month intervals, and was subject to cancellation at the end of the policy period, I believe that the renewal constituted a new contract of insurance. Consequently, S.B. 20 was incorporated into the renewal of the Snyders' policy in October 1994.

{¶ 10} Therefore, for the foregoing reasons, I respectfully dissent. Because I believe that *Ross* should not apply, and because the Snyders' Great American policy was renewed subsequent to the enactment of S.B. 20, I would affirm the judgment of the court of appeals.

————————————