OPINION
This case presents a timely appeal from the decision of the Jefferson County Court of Common Pleas denying Appellant's motion for summary judgment, granting Appellee's motion to dismiss pursuant to Civ.R. 12(B)(6), and dismissing Appellant's complaint. For the following reasons, this Court affirms the decision of the trial court in judgment only.
The underlying facts relevant to this appeal are undisputed by the parties. On March 8, 1996, Katherine Rulong ("Appellant") was a passenger in a vehicle driven by Linda Porreca. As they were proceeding westbound on S.R. 150 in Jefferson County, another vehicle operated by the tortfeasor, Darlene Hercules, collided with them. As a result of the collision, Appellant suffered serious personal injuries. The tortfeasor was insured by Cincinnati Insurance Company with available coverage of $200,000.00, which was offered to Appellant in late 1996.
Appellant was an insured under an automobile insurance policy issued by Allstate Insurance Company ("Appellee") which provided for underinsured/uninsured motorist ("UIM/UM") coverage with a $100,000.00 policy limit. After exhausting the tortfeasor's liability insurance coverage, Appellant asserted a claim with Appellee pursuant to her UIM/UM policy. Appellee denied this claim and Appellant filed suit in the Jefferson County Court of Common Pleas on January 21, 1997.
On May 15, 1997, Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6). In this motion, Appellee asserted that R.C. § 3737.18(A)(2) required that the coverage available under Appellant's UIM/UM policy was to be reduced by the amount paid, or available to be paid, from the tortfeasor's liability policy. Appellee argued that since the amount available from the tortfeasor's policy was greater than the coverage provided under Appellant's UIM/UM policy, it was entitled to a complete offset. On May 21, 1997, Appellant responded with a motion for summary judgment and a memorandum in opposition to Appellee's motion to dismiss. Appellant responded to Appellee's contentions by arguing that R.C. § 3937.18(A)(2), as amended by S.B. 20, was unconstitutional in that it violated Section 16, Article I of the Ohio Constitution.
On September 17, 1997, the trial court denied Appellant's motion for summary judgment and granted Appellee's motion to dismiss. Ultimately, the complaint was dismissed on the authority of the Ohio Supreme Court's decision in Beagle v. Walden (1997),78 Ohio St.3d 59. (Final Order, September 17, 1997). It is this decision of the trial court which forms the basis for the present appeal. In her sole assignment of error, Appellant argues that:
 "The trial court improperly granted summary judgment to appellee as R.C. 3937.18 et. seq. violates Section 16, Article 1 of the Ohio Constitution."
As a procedural footnote, this Court observes that although Appellant's assignment of error refers to an alleged improper granting of summary judgment, it was in reality the granting of Appellee's motion to dismiss pursuant to Civ.R. 12(B)(6) from which Appellant seeks relief. (Brief of Appellant, p. 1; Final Order, September 17, 1997). This said, we turn now to the substance of the issue raised by Appellant.
Appellant does not dispute that R.C. § 3937.18(A)(2), as amended by S.B. 20, is the controlling law in this case. Indeed, Appellant's sole assignment of error merely challenges the constitutionality of that amendment. Specifically, Appellant contends that S.B. 20, which requires a UIM/UM insurer to reduce the available policy limits by an amount equal to the funds available from the tortfeasor's liability insurance policy, violates Section 16, Article 1 of the Ohio Constitution. This constitutional provision provides in relevant part:
 "All courts shall be open, and every person, for an injury done him in his. . . . goods [or] person . . . shall have remedy by due course of law . . ."
Appellee, on the other hand, suggests, and the trial court agreed, that the Ohio Supreme Court has disposed of this specific argument in Beagle v. Walden, supra.
This Court is not persuaded by either of these positions.Beagle represents the latest Ohio Supreme Court decision on the constitutionality of S.B. 20. However, the precedential value of that decision as it relates to the present issue is suspect.
In Beagle, the Ohio Supreme Court responded to a certified question posed by the United States District Court for the Northern District of Ohio, Eastern Division, concerning the viability of S.B. 20 under the Ohio constitution. The Court considered four constitutionally based issues submitted by the plaintiffs in that case, but only one issue garnered a majority vote. While four members of the court (Moyer, Cook, Lundberg-Stratton, and Pfeifer) agreed that the amendment did not violate the one-subject rule, Justice Pfeifer specifically noted that he expressed no opinion on the other parts of the answer to the certified question. Beagle, supra, 78 Ohio St.3d at 65. Justices Douglas and Sweeney dissented without comment, and Justice Resnick dissented, stating that she found the entire statute unconstitutional. Id. at 65. As a result, the only
issue on which S.B. 20 appears to have been addressed and passed constitutional muster is its method of enactment, which is not challenged by Appellant.
This does not mean, however, that this Court is prepared to find S.B. 20 constitutionally defective on the remaining grounds. To the contrary, since Beagle left R.C. § 3937.18 (A) (2) intact, this statute, as amended, enjoys a "strong presumption of constitutionality." In re Columbus Skyline Securities, Inc.
(1996), 74 Ohio St.3d 495, 498; Brady v. Safety-Kleen (1991),61 Ohio St.3d 624, 631. The Ohio Supreme Court has itself issued decisions based on its own presumption that S.B. 20 was constitutional, although without specifically addressing this issue. Hillyer v. Great Am. Ins. Co. (1999), 85 Ohio St.3d 410;Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281. Logic dictates that this presumption is further heightened by virtue of the fact that the state's highest court had the opportunity and yet declined to declare it constitutionally infirm under the same principle presented by Appellant in this case. Moreover, this Court has rendered decisions pertaining to the applicability of S.B. 20 and have held it to be constitutional. See, e.g., Westfall v. Nationwide MutualInsurance Co. (June 30, 1999), Jefferson App. No. 98 JE 22, unreported; Fetty v. Nationwide Mutual Insurance Co. (June 30, 1999), Columbiana App. No. 98 CO 43, unreported.
Based on the judicial principle of stare decisis and consistent with the foregoing discussion, this Court overrules Appellant's sole assignment of error and affirms the decision of the trial court granting Appellee's motion to dismiss in judgment only.
APPROVED:
________________________________ CHERYL L. WAITE, JUDGE
COX, P.J., and DONOFRIO, J., concurs.