DECISION AND JUDGMENT ENTRY
This accelerated appeal is from the October 18, 1999 judgment of the Sandusky County Court of Common Pleas, which denied summary judgment to appellant, Owners Insurance Company.
On appeal, appellant asserts the following sole assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT TO DECLARE THAT THE LIMITS OF INTERVENOR OWNERS INSURANCE COMPANY'S LIABILITY COVERAGE TO ITS INSURED DEFENDANT-APPELLEE, MARJORIE E. MEACHAM, IS $300,000 PER PERSON."
JaiDaiy A. Reidling died as a result of injuries suffered in a motor vehicle accident on May 6, 1995. Appellees, Amy M. Reidling, individually, as administrator of the estate of JaiDaiy A. Reidling, and as the parent and natural guardian of Jaia L. and Brant M. Reidling, minors, brought a wrongful death action against the tortfeasor, Marjorie Meacham. Her insurance company, appellant, intervened in the action seeking a declaration that its coverage obligation be limited to the per person $100,000 policy limit of Meacham's insurance policy. Appellant then moved for summary judgment on this issue.
Meacham's policy was initially entered into on May 16, 1994, and was renewable every six months. It was renewed on November 16, 1994 and coverage ran until May 16, 1995. It provided for coverage limits of $100,000 per person/$300,000 per accident. Appellant contends that under the current version of R.C. 3937.44, effective October 20, 1994, an insurance company may limit, to the per person limit, its coverage for all claims arising out of one person's injury. Appellees argued that Meacham's policy did not contain the necessary language to activate the per person limit.
The trial court denied appellant's motion for summary judgment on the ground that the terms of the policy, initially entered into on May 16, 1994, could not be altered for two years even though it was renewed during that time. The trial court also included the necessary Civ.R. 54(B) language to make this judgment a final order. Appellant appeals from the judgment.
This issue was recently resolved in Wolfe v. Wolfe
(2000), 88 Ohio St.3d 246, paragraphs one and two of the syllabus. In that case, the Ohio Supreme Court construed R.C. 3937.31(A) as providing that every automobile insurance policy must have minimum two-year periods during which the policy cannot be altered. Therefore, the trial court in this case correctly held that the renewals of the automobile policy did not constitute a new contract for insurance. Thus, the law in effect as of May 16, 1994 controls in this case. Under the prior version of R.C.3937.18, as interpreted by the Ohio Supreme Court in Savoie v.Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, Wood v. Shepard
(1988), 38 Ohio St.3d 79 [38 Ohio St.3d 86], and Hillyer v. GreatAmerican Ins. Co. (1999), 85 Ohio St.3d 410, appellant was not entitled to summary judgment. Appellant's sole assignment of error is not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., James R. Sherck, J.