OPINION
{¶ 1} Appellant Travelers Indemnity Company of Illinois ("Travelers") appeals the decision of the Stark County Court of Common Pleas that denied its motion for summary judgment against Appellees Mark Sexton, Individually and as the Administrator of the Estate of Rebecca Sexton, deceased, et al., ("appellees") and granted Appellees Sextons' motion for summary judgment against Travelers. The trial court also granted, in part, and denied, in part, appellees' motion for summary judgment against American Motorists Insurance Company ("AMICO")[1]. The following facts give rise to this appeal.
 {¶ 2} On December 17, 1998, Rebecca and Rachel Sexton were passengers in a vehicle operated by their mother, Priscilla Sexton. As a result of Priscilla Sexton's negligence, an accident occurred in which Rebecca Sexton was killed and Rachel Sexton sustained serious injuries. On the date of the accident, Appellee Mark Sexton, the father of Rebecca and Rachel and the spouse of Priscilla, was employed at A.R.E. Incorporated ("A.R.E."). A.R.E. was insured, under a Commercial Auto Policy, issued by Travelers for the period April 1, 1998 to April 1, 1999. A.R.E. was also insured, under a Commercial Catastrophe Liability Coverage Policy, issued by AMICO for the period May 1, 1998 to May 1, 1999.
 {¶ 3} On May 17, 2001, appellees filed a complaint for declaratory judgment against Travelers and AMICO. The complaint sought a declaration that UM/UIM coverage was available under Travelers' and AMICO's policies issued to A.R.E. All parties subsequently moved for summary judgment. In a judgment entry filed on August 15, 2002, the trial court granted appellees' motion for summary judgment against Travelers. The trial court denied Travelers' motion for summary judgment against appellees. The trial court also granted, in part, and denied, in part, appellees' motion for summary judgment against AMICO. The trial court further ordered the case to binding arbitration for a determination with regard to damages.
 {¶ 4} On August 21, 2002, the trial court entered a judgment entry nunc pro tunc in which it corrected the case number as it was improperly designated in its previous judgment entry. Travelers timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 {¶ 5} "I. The trial court erred in concluding that Wolfe rendered the 1997 Travelers policy applicable and that a pre-H.B. 261 version of R.C. § 3937.18 governed appellees' claims.
 {¶ 6} "II. The trial court erred in ordering the matter to arbitration."
"Summary Judgment Standard"
 {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 8} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review Travelers' assignments of error.
 I {¶ 10} In its First Assignment of Error, Travelers maintains the trial court erred when it denied its motion for summary judgment and granted appellees' motion for summary judgment because the Wolfe[2]
decision does not render the 1997 Travelers Policy applicable and therefore, the H.B. 261 version of R.C. 3937.18 applies to appellees' claims. We agree.
 {¶ 11} In its judgment entry, the trial court found the 1997 Travelers Policy applicable and therefore, that version of the policy governed appellees' claims. In determining the 1997 version applied, the trial court relied upon the Ohio Supreme Court's decision in the Wolfe case, wherein the Court held that, "[p]ursuant to R.C. 3937.31(A), every automobile liability policy issued in this state must have, at a minimum, a guaranteed two-year period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to R.C. 3937.39." Id. at paragraph one of the syllabus.
 {¶ 12} The statute referred to in Wolfe, R.C. 3937.31(A), provides, in pertinent part, as follows:
 {¶ 13} "Every automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years." * * *
 {¶ 14} Further, R.C. 3937.30 defines "automobile insurance policy" as follows:
 {¶ 15} "As used in sections 3937.30 to 3937.39 of the Revised Code, `automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
"(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
"(B) Insures as named insured, any of the following:
"(1) Any one person;
"(2) A husband and wife resident in the same household;
"(3) Either a husband or a wife who reside[s] in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.
"(C) Insures only private passenger motor vehicles or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances;
"(D) Does not insure more than four motor vehicles;
"(E) Does not cover garage * * * operation hazards;
"(F) Is not issued under an assigned risk plan pursuant to section4509.70 of the Revised Code."
 {¶ 16} The record is clear that both the 1997 and 1998 Travelers Policies insured more than four vehicles. Further, both policies also provided garage operation hazards coverage. As such, we conclude neither the 1997 nor 1998 Travelers Policies are automobile insurance policies as defined in R.C. 3937.30. Therefore, we find the trial court erred when it concluded the Wolfe decision rendered the 1997 Travelers Policy applicable as the guaranteed two-year period contained in R.C. 3937.31(A) does not apply to the 1997 Travelers Policy.
 {¶ 17} We previously addressed this exact issue in Zurcher v.Natl. Surety Corp., Stark App. No. 2001CA00197; 2002-Ohio-901. In Zurcher, we held:
 {¶ 18} "The policies issued by appellants herein covered five specifically identified automobiles; therefore, such policies are not `automobile insurance policies' within the definition of R.C.3937.18. Accordingly, we find the * * * policy is not subject to the two year rule." Id. at 8.
 {¶ 19} Since the 1997 version of the Travelers Policy does not apply, we must review the language of the 1998 Travelers Policy, which was in effect on the date of the accident. The 1998 version of the policy differed from the 1997 version of the policy in that it contained, in the Ohio UM/UIM Endorsement, an "Other Owned Vehicle Exclusion." Also, the 1998 version of the UM/UIM Endorsement to the Travelers Policy excludes from the definition of "uninsured motor vehicle" those vehicles "[o]wned by or furnished or available for your regular use or that of any `family member.'"
 {¶ 20} Further, the law in effect on the date the 1998 Travelers Policy issued, which was April 1, 1998, governs appellees' claims[3]. The law in effect on this date was the H.B. 261 version of R.C. 3937.18. Accordingly, the trial court erred when it concluded a pre-H.B. 261 version of R.C. 3937.18 applied to appellees' claims. This matter is therefore remanded to the trial court for the court to determine whether, under the 1998 Travelers Policy, appellees are entitled to coverage according to the H.B. 261 version of R.C. 3937.18.
 {¶ 21} Travelers' First Assignment of Error is sustained. We will not address the merits of Travelers' Second Assignment of Error as to do so would be premature at this time since the trial court must first determine the issue of coverage on remand.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Gwin, P.J., and Hoffman, J., concur.
Topic: Application of R.C. 3937.31(A) to policy that insures more than 4 vehicles.
[1] The issues on appeal, as it pertains to AMICO, are addressed in Case No. 2002CA00301.
[2] Wolfe v. Wolfe, 88 Ohio St.3d 246, 2000-Ohio-322.
[3] In Ross v. Farmers Ins. Grp. of Columbus, 82 Ohio St.3d 281,1998-Ohio-381, the Ohio Supreme Court held the statutory law in effect at the time a policy issues governs the rights and duties of the parties thereunder. Id. at 289. In Hillyer v. Great Am. Ins. Co., 85 Ohio St.3d 410,1999-Ohio-279, the Court found that its decision, in Ross, applied to liability coverage as well as UM/UIM coverage.