MILLER et al., Appellees,

v.

ALLSTATE INSURANCE COMPANY, Appellant.

[Cite as *Miller v. Allstate Ins. Co.* (1996), 111 Ohio App.3d 575.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–187.

Decided June 10, 1996.

*Jeffrey H. Black*, for appellees.

*Fredric E. Kramer* and *Marilyn J. Singer*, for appellant.

FORD, Presiding Judge.

This is an appeal from a judgment of the Lake County Court of Common Pleas, which awarded declaratory judgment against appellant, Allstate Insurance Company, regarding the availability of underinsured motorist coverage pursuant to one of its policies.

On December 29, 1992, Shirley Pataki was hit and killed by an automobile which was driven by John McConkey as she walked on Rotunda Road in Rotunda, Florida. Apparently, McConkey was under the influence of alcohol at the time of the accident. Appellant had issued an insurance policy to appellee, Diana Miller, which contained uninsured and underinsured insurance coverage provisions.[1] Appellee is Shirley Pataki's sister.

A wrongful death suit was filed by Pataki's estate. McConkey's insurer, Progressive Insurance Company, paid $50,000 to the estate. Subsequent to this settlement, appellee filed a claim with appellant for underinsured motorist coverage for the wrongful death of her sister, which was denied.

It appears from the record that on January 6, 1995, appellee and the administrator of the decedent's estate, the decedent's father, Steven Pataki, filed a declaratory judgment action to determine whether underinsured motorist coverage was available to her for the wrongful death of her sister pursuant to R.C. 2125.02(A)(1).

This case was submitted to the trial court on the pleadings and trial briefs only, and declaratory judgment was awarded to appellee on December 12, 1995, the court holding that appellee was entitled to underinsured motorist coverage from her insurance carrier for this incident. Appellant now appeals, raising the following as error:

"1. The trial court erred in assuming the insurance coverage of the non-party tortfeasor John McConkey was exhausted.

---

1. For the purposes of this appeal, "appellee" shall mean Diana Miller.

"2. The trial court erred in ruling the amount of damages is not an issue in determining whether underinsured motorist coverage is available.

"3. The trial court erred in granting declaratory judgment to [appellee] when the claim of the administrator of the estate of Shirley Pataki has been dismissed.

"4. The trial court erred in finding [appellee] was a person entitled to recover damages due to the death of Shirley Pataki pursuant to [R.C.] 2125.02, *Wood v. Shepard* (1988), 38 Ohio St.3d 86 [526 N.E.2d 1089], and *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500 [620 N.E.2d 809]."

As appellant's first and second assignments are interrelated, we will address them concurrently. In these assignments, it is contended that the trial court erred when it granted a declaratory judgment that underinsured motorist coverage was available in this case without first determining that the tortfeasor's insurance policy was, in fact, exhausted, and that damages were not yet at issue in this case. We agree.

R.C. 3937.18 provides that auto insurance carriers *must* offer uninsured and underinsured motorist coverage to their policy holders. It is an obvious prerequisite to the filing of an uninsured or underinsured motorist claim that it be established that the tortfeasor either has no insurance or that the policy is inadequate to fully compensate the plaintiff's injuries. No underinsured motorist coverage is available where there is no demonstration that the amount of coverage available from the tortfeasor is less than the amount of damages in that case.

In *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the Supreme Court of Ohio held that an underinsurance claim must be paid when a person covered by a policy that contains an underinsurance/uninsured provision suffers damages shown to exceed those monies available from the tortfeasor's policy. *Id.* at paragraph three of the syllabus. We are aware that the holding in *Savoie* has been superseded by the recent amendment to R.C. 3937.18, but this amendment does not affect this case.

A review of the record in this case does not show that the trial court ever considered whether McConkey's insurance policy was, in fact, exhausted. The only reference to the Progressive insurance policy in the record is a statement in plaintiff's trial brief, which states that "Progressive has paid its policy limits to the estate of Shirley Pataki. [Appellee] received no benefits from the Progressive policy." This statement, if true, would, under the *Savoie* decision, implicate underinsured coverage for appellee from appellant if appellee proved her damages. As the court stated in *Motorists Mut. Ins. Co. v. Andrews* (1992), 65 Ohio St.3d 362, 604 N.E.2d 142, syllabus:

"When determining whether a motorist is underinsured within the meaning of R.C. 3937.18(A)(2), the amount *actually available* for payment under the tortfeasor's liability insurance policy must be compared with the insured's underinsured motorist coverage limits. If the amount available for payment is less than the insured's underinsured policy limits, then the insured is entitled to underinsured motorist coverage." (Emphasis added.)

The *Andrews* decision established the appropriate test for determining the availability of underinsured coverage, which requires specific comparisons of available coverage as it relates to the plaintiff's actual damages. The trial court's contention that calculations of damages and insurance coverage available are not required in this declaratory judgment action is wholly incorrect. The trial court cannot determine the availability of underinsured motorist coverage in a vacuum. The court must determine whether the tortfeasor was, in fact, underinsured and unable to adequately compensate the insured for those damages which can be proven, and only then is underinsured coverage available under the policy. *Andrews.* A showing of damages and insurance coverage availability are intrinsically interwoven in a declaratory judgment action to ascertain the availability of uninsured or underinsured motorist coverage. Accordingly, appellant's first and second assignments are sustained.

In appellant's third assignment, it is contended that the trial court erred when it granted declaratory judgment to appellee while also dismissing the claim of the decedent's administrator. We agree.

R.C. 2125.02(A)(1) states:

"Except as provided in this division, an action for wrongful death *shall* be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, *and* for the exclusive benefit of the other next of kin of the decedent. * * * " (Emphasis added.)

A review of the record in this case shows that this action was brought in the name of the personal representative of the decedent, her father, Steven Pataki. Because the action was brought in the *name* of the personal representative, this claim was properly filed. *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089. Accordingly, the trial court erred when it dismissed the administrator of the decedent's estate. Nowhere is the administrator required to be the person damaged or insured under the policy; rather, the requirement is that the action must be brought in that person's name. Therefore, the trial court's decision that dismissed Steven Pataki from this case was in error. Appellant's third assignment is sustained to that extent.

In the fourth assignment, appellant argues that appellee is not a "person entitled to recover damages" due to the death of her sister. Appellant contends that because appellant is not one who is *presumed* damaged by R.C. 2125.02(A)(1), she cannot recover for the wrongful death of her sister. This contention is without merit.

R.C. 2125.02(A)(1) provides that a surviving spouse, children and parents are "rebuttably presumed to have suffered damages" due to the wrongful death. Appellant, reading the *Savoie* case, believes that because appellee "is not a person who is presumed damaged under the statute, the rulings in *Savoie* do not apply to her." However, even a cursory reading of R.C. 2125.02(A)(1) reveals that "other next of kin of the decedent" also may sue for the loss of their relative, although they do not receive the benefit of the rebuttable presumption that they, in fact, are legally damaged by the wrongful death. Appellant reads this evidentiary presumption as the bright line that distinguishes between persons who may and persons who may not sue. This reading is incorrect. Appellee, as the decedent's sister, may sue for wrongful death pursuant to R.C. 2125.02(A)(1); however, she must prove her damages and no presumption obtains that she suffered damages as a result of her sister's death. Appellant's fourth assignment is without merit.

For the foregoing reasons, appellant's first, second and third assignments are sustained as described in this opinion, and appellant's fourth assignment is overruled. Thus, the decision of the Lake County Court of Common Pleas is affirmed in part, and reversed in part, and the cause is remanded for proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

CHRISTLEY and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.