OPINION
This is the third appeal before this court from the judgment of the Lake County Court of Common Pleas in a declaratory judgment action instituted against Allstate Insurance Company ("Allstate"), appellant.
On June 6, 1992, appellee, John Palinkas, was seriously injured in an automobile accident while he was a passenger in a car driven by Jason Skully ("Skully") and owned by Kenneth Skully. At the time of the accident, Skully was covered by a policy of insurance with State Farm Mutual Insurance Company ("State Farm"), providing coverage of up to $50,000 per person and $100,000 per occurrence. Appellee was covered by a policy of insurance with Allstate, containing an underinsured motorist provision with a limit of $50,000 per person and $100,000 per occurrence.
On April 28, 1993, State Farm offered to settle with appellee for the policy limit, $50,000. Appellee's counsel informed an Allstate representative of State Farm's settlement offer, by telephone, on May 3, 1993. On August 16, 1993, after receiving no response or written consent from Allstate, appellee accepted State Farms' settlement offer and signed a settlement agreement.
In November 1993, appellee filed an underinsured motorist claim with his insurer, Allstate. Allstate denied appellee's claim stating that appellee breached the contract by settling and releasing State Farm and its insured, without written consent from Allstate. On August 4, 1995, appellee filed a declaratory judgment complaint seeking an adjudication of his right to underinsured motorist coverage under his policy with Allstate.
On January 13, 1997, the trial court granted judgment in favor of Allstate finding that, although appellee provided Allstate with notice of State Farms' settlement offer, appellee accepted the settlement offer without Allstate's written consent, thus negating its duty to provide underinsured motorist coverage, failed to notify Allstate that the $50,000 offer represented the policy limit, and did not provide sufficient information to enable Allstate to analyze its position. Appellee appealed to this court. Palinkas v. Allstate Ins. Co. (Sept. 30, 1997), 11th Dist. No. 97-L-023, 1997 Ohio App. LEXIS 4422 ("PalinkasI").
Upon review, we concluded that the trial court misinterpreted the applicable law, as set forth in McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27. In so holding, we noted our awareness that the rule of law set forth in Savoie v. Grange Mut. Ins. Co., 67 Ohio St.3d 500,1993-Ohio-134, which permitted the tacking or stacking of insurance policies in these circumstances, had been superseded by amendments to R.C. 3937.18. However, because the accident occurred in June 1992, we held that Savoie, not the new version of R.C. 3937.18, governed this case.
Applying the rule of law set forth in McDonald, we concluded that appellee had given Allstate notice of the tentative settlement offer prior to release. Palinkas I, at *12. We remanded for a determination of "whether the three and one-half months in this case provided Allstate with a reasonable opportunity to protect its subrogation rights, under the particular factual circumstances of this case." Id. at *13. Specifically, the trial court was instructed that if it finds, on remand, "that the time period was reasonable and Allstate did not respond, Allstate has waived its right to deny underinsured motorist coverage to [appellee]." Id.
On remand, the trial court found that Allstate had received notice of the settlement offer and that three and one-half months was a magnanimous amount of time for Allstate to respond. Despite this, the trial court concluded, "`under the particular factual circumstances of this case,' three and one-half months did not provide defendant Allstate a reasonable opportunity to protect its subrogation rights." Appellee appealed from this judgment to this court. Palinkas v. Allstate Ins. Co, (Dec. 3, 1999), 11th Dist. No. 98-L-182, 1999 Ohio App. LEXIS 5769 ("PalinkasII").
We held that "[i]n concluding that the notice was insufficient, the trial court contradicted the ruling of this court, which became the law of the case. Once concluding that three and one-half months would have provided Allstate with a reasonable opportunity to protect its subrogation rights, the court should have decided the case on its merits." Id. at *5. Accordingly, we reversed the judgment of the trial court and remanded the cause "for a determination of the amount of underinsured coverage available to [appellee]." Id.
On remand, the trial court filed a judgment entry wherein it found: "[appellee] is an insured under the underinsured motorist coverage provision of the Allstate policy and, as such, has a valid claim for payment pursuant to that policy." No monetary determination was stated in the judgment entry. From this judgment, Allstate appealed to this court raising the following assignments of error:
 "[1.] The trial court erred in finding that plaintiff-appellee has a valid claim for underinsured motorist coverage under defendant-appellant's policy of insurance that was in effect on June 6, 1996.
 "[2.] Based upon the record before the court there is no evidence that any amount of underinsured motorist coverage is available to the plaintiff-appellee."
The issues raised in the current appeal are barred under the doctrines of collateral estoppel and "law of the case," both of which attempt to ensure consistent results in a case and to avoid endless litigation.Dolce v. Lawrence (Sept. 30, 1999), 11th Dist. No. 98-L-080, 1999 Ohio App. LEXIS 4650, at *9.
The doctrine of collateral estoppel bars a party or a person in privity with him, from relitigating an issue, which has previously been determined by a court. Goodson v. McDonough Power Equip., Inc. (1983),2 Ohio St.3d 193, paragraph one of the syllabus. Generally, collateral estoppel, or issue preclusion, applies only if all of the parties to the present proceeding are bound by the prior judgment. Id. The parties to the present appeal are bound by the prior judgment wherein we held that appellee has a valid claim for underinsured motorist coverage. PalinkasII, at *5.
The doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St. 1, 3. Law of the case "is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." Id., citing Gohman v. St. Bernard (1924), 111 Ohio St. 726,730-731. Because this court has previously determined the issues presented in this appeal, application of the doctrine of law of the case will not achieve unjust results.
In Allstate's first assignment of error, it contends that the trial court erred in applying the law set forth in Savoie, instead of R.C.3937.18; therefore, no amount of underinsured motorist coverage is available to appellee. This court has previously addressed this issue. InPalinkas I, we held that the Savoie and McDonald decisions controlled.Palinkas I, at *5-6. In Palinkas II, we determined that appellee has a valid underinsured motorist claim and remanded for a determination of the amount of coverage available to appellee. Palinkas II, at *5.
This court has thoroughly addressed the issue of whether appellee has a valid claim for underinsured motorist coverage. Thus, the doctrines of collateral estoppel and law of the case bar the argument raised by Allstate in its first assignment. Accordingly, Allstate's first assignment of error is without merit.
In Allstate's second assignment of error, it concludes, based on the arguments set forth in the first assignment of error, that appellee is not entitled to any amount of underinsured motorist coverage. Based on the analysis set forth in our disposition of Allstate's first assignment, we conclude that the doctrines of collateral estoppel and law of the case also bar the second assignment of error. Accordingly, appellant's second assignment lacks merit.
Review of the record reveals that, in contravention of the ruling of this court, the trial court failed to determine the amount of coverage available to appellee. Thus, this cause is remanded for the court "to take evidence on the issue of damages, pursuant to this court's holding in Miller v. Allstate Ins. Co. (1996), 111 Ohio App.3d 575, 676 N.E.2d 943, to determine whether Skully was, in fact, underinsured, by comparing [appellee's] damages to the settlement received from Skully and State Farm." Palinkas I, at * 14.
The insurance contract allows for arbitration or the filing of a complaint in the court of common pleas for damages. While appellee has done neither, it is clear that the parties are unwilling to arbitrate and requiring appellee to amend his complaint for damages, at this time, is without purpose. However, the trial court is ordered to allow appellee to file an amended complaint for damages.
Upon remand, the court is directed to determine the amount of damages available to appellee and conclude this case as previously ordered. The trial court is ordered to set the amount of damages by determining appellee's total amount of damages caused by the tortfeasor and deducting the amount available to him under the tortfeasor's policy of insurance. The balance remaining due, up to the policy limit, must be awarded to appellee from appellant.
Based on the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed in part, and reversed in part. This case is remanded for proceedings consistent with this opinion and the trial court is ordered to allow appellee to file an amended complaint for damages. The trial court is ordered to determine the amount of damages available to appellee within sixty days from the filing of this opinion.
The clerk of courts is instructed to refile the record in this case upon the trial court's issuance of the foregoing judgment or within seventy days from the date of this opinion, whichever occurs first.
DIANE V. GRENDELL, J., concurs,
JUDITH A. CHRISTLEY, P.J., concurs in judgment only with a concurring opinion.